UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK EDWARDS,

                              Plaintiff,

     v.                                                  9:25-CV-0570
                                                            (GTS/MJK)

SGT OTENS, et al.,

                              Defendants.
_____

APPEARANCES:

MARK EDWARDS
Plaintiff, pro se
05-A-1980
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011


GLENN T. SUDDABY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Mark Edwards commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  Plaintiff paid the filing fee associated with this action.

By Decision and Order entered on October 1, 2025, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(b), dismissed plaintiff's official capacity claims with prejudice, dismissed other claims without prejudice, and found that the following claims survived sua sponte review: (1) plaintiff's First Amendment retaliation claim against defendant Lake; and

1

(2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens.  See Dkt. No. 6 ("October 2025 Order").

Presently before the Court is plaintiff's amended complaint, which was filed as of right. Dkt. No. 8 ("Am. Compl.").

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Complaint and October 2025 Order

In the original complaint, plaintiff asserted Section 1983 claims arising out of alleged wrongdoing while he was incarcerated at Eastern Correctional Facility.  *See generally*, Compl.  More specifically, the complaint asserted claims arising out of an alleged use-of-force incident on March 20, 2023, and the subsequent denial of medical treatment, destruction of personal property, and nine-day restrictive confinement that plaintiff experienced.  *Id*.

The complaint was liberally construed to assert the following Section 1983 claims against the named defendants: (1) First Amendment retaliation claims against defendants Lake and Parrotta; (2) a Fourth Amendment unlawful cell search claim against defendant Parrotta; (3) Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; (4) Eighth Amendment medical indifference claims against "Medical Staff"; (5) Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (6) a Fourteenth Amendment destruction of property claim against defendant Parrotta.  See October 2025 Order at 5-6.

Following review of the complaint pursuant to 28 U.S.C. § 1915A(b), only the following claims were found to survive sua sponte review: (1) plaintiff's First Amendment retaliation claim against defendant Lake; and (2) plaintiff's Eighth Amendment excessive force and

2

failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens. *See* October 2025 Order at 21.

      **B.**     **Review of the Amended Complaint**

Because plaintiff is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the October 2025 Order and it will not be restated in this Decision and Order. *See* October 2025 Order at 2-3.

As with the original complaint, plaintiff's amended complaint re-asserts Section 1983 claims based on alleged wrongdoing that occurred during plaintiff's confinement at Eastern Correctional Facility. *See generally*, Am. Compl. In fact, the pleading is virtually identical to the original complaint, with only a few exceptions.

First, the amended complaint includes additional details regarding plaintiff's negative history with defendant Lake prior to the events of March 20, 2023, and specifically alleges that approximately two months earlier, plaintiff filed a grievance against this official based on an incident that "resulted in plaintiff sustaining serious injuries requiring emergency room treatment." *See* Am. Compl. at 4. Second, the amended complaint alleges that defendant Parrotta had a reputation for "retaliating and framing prisoners," and plaintiff was moved to the housing area overseen by this official on March 29, 2023, after disciplinary charges against him were dismissed, so that this official could cause him harm. *Id*. at 7-8. The pleading further alleges that defendant Parrotta destroyed plaintiff's personal property on April 4, 2023, in retaliation for plaintiff seeking medical treatment for his injuries suffered on March 20, 2023. *Id*. at 8. Third, the amended complaint asserts new claims against Nurse

3

Practitioner Milo and Nurse Administrator Doe, both named as defendants. *Id*. at 7-9. The following facts regarding these new claims are set forth as alleged in the amended complaint.

Following the use-of-force incident on March 20, 2023, plaintiff was escorted to the infirmary. Am. Compl. at 6. However, "medical staff hardly looked at plaintiff's injuries during the initial assessment[.]" *Id*. In addition, defendant Nurse Administrator Doe delayed x-rays of plaintiff's injuries by two weeks and did not facilitate plaintiff's prompt follow-up with a provider, despite the doctor who reviewed plaintiff's x-ray results stating that this would happen and plaintiff submitting "several sick call requests for treatment" based on his "excruciating pain[.]" *Id*. at 7, 9, 15.

"During the weeks and months following the [use-of-force] incident[, . . .] plaintiff continued to experience serious pain and reduced range of motion." Am. Compl. at 8-9. When plaintiff "finally" saw Nurse Practitioner Milo on August 23, 2023, in response to his complaints about shoulder pain and reduced range of motion, this official "claimed that there was nothing wrong with plaintiff" and apparently offered no treatment for the injury. *Id*. at 9, 20.

At some point, plaintiff was "informed that he had sustained multiple fractures." Am. Compl. at 7. Plaintiff "did not actually receive physical therapy for some of his injuries until . . . 2024, after [he] . . . left Eastern [Correctional Facility]." *Id*. at 9.

"As a result of [plaintiff's] injuries sustained [on] March 20, 2023, and the lack of adequate medical care thereafter, plaintiff suffered, and continues to suffer from, a left shoulder injury which has reduced his range of motion and created a visual deformity possibly requiring surgical correction." Am. Compl. at 7. In addition, "[p]laintiff's injury to his back continues to produce pain years later." *Id*.

Liberally construed, the amended complaint asserts the following claims against the named defendants: (1) First Amendment retaliation claims against defendants Lake and Parrotta; (2) a Fourth Amendment unlawful cell search claim against defendant Parrotta; (3) Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; (4) Eighth Amendment medical indifference claims against defendants Nurse Administrator Doe and Milo; (5) Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (6) a Fourteenth Amendment destruction of property claim against defendant Parrotta.

Plaintiff seeks money damages and declaratory relief. Am. Compl. at 11. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

### 1. Reasserted Claims That Previously Survived Sua Sponte Review

As noted, the allegations in the amended complaint are materially similar to the allegations in the amended complaint with respect to plaintiff's Section 1983 claims that previously survived sua sponte review. Accordingly, and for the reasons set forth in the October 2025 Order, the following claims once again survive sua sponte review and require a response: (1) plaintiff's First Amendment retaliation claim against defendant Lake; and (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. Retaliation Claim Against Parrotta

The legal standard governing First Amendment retaliation claims was discussed at length in the October 2025 Order and will not be restated herein. *See* October 2025 Order at 8-10.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's retaliation claim against defendant Parrotta survives sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 3. Medical Indifference Claims Against Nurse Administrator Doe and Milo

The legal standard governing Eighth Amendment medical indifference claims was discussed at length in the October 2025 Order and will not be restated herein. *See* October 2025 Order at 13-15.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's medical indifference claims against defendants Nurse Administrator Doe and Nurse Practitioner Milo survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 4. Remaining Section 1983 Claims

Insofar as the amended complaint may be construed to assert any of the other previously asserted claims that were dismissed in the October 2025 Order, the pleading does not include any materially new allegations related to any of these claims.

Accordingly, and for the reasons set forth in the October 2025 Order, the following claims are once again dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) plaintiff's Fourth Amendment unlawful cell search claim against defendant Parrotta; (2) plaintiff's Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (3) plaintiff's Fourteenth Amendment destruction of property claim against defendant Parrotta. *See* October 2025 Order at 10-19.

## III. SERVICE

As noted in the October 2025 Order, plaintiff paid the filing fee for this action, and did not submit an application to proceed in forma pauperis ("IFP"). Thus, plaintiff was advised that, in order for this case to proceed to service, he had to either (1) pay the service fee due to the U.S. Marshal in full by money order or certified check, or (2) return a properly completed IFP application and inmate authorization form. *See* October 2025 Order at 19-20.

Although plaintiff has provided the Court with copies of his amended complaint for service, he has yet to pay the service fee or submit a properly completed IFP application and inmate authorization form.  Accordingly, the Court will afford plaintiff a final opportunity to do one of the following within thirty (30) days: (1) pay the service fee due to the U.S. Marshal in full by money order or certified check; or (2) return a properly completed IFP application and inmate authorization form.[1]  Plaintiff is further advised that, in the event he does not timely pay the service fee in full or file a properly completed IFP application and inmate authorization form, this action will be dismissed without prejudice in accordance with this Decision and Order and Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[2]

---

[1] Payment in cash or by personal check is not acceptable.  For service by mail, the fee is $8.00 per summons and complaint.  The cost of service by mail on the seven surviving defendants in this action is therefore $56.00.  Plaintiff is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

[2] An action cannot proceed until the completion of service, and unidentified defendants cannot be served.  Undoubtedly, it is the Court's obligation to assist with service when a pro se prisoner is proceeding in forma pauperis.  *See* Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting Wright leave to pursue his § 1983 claim in forma pauperis, Magistrate Smith shifted the responsibility for serving the complaint from Wright to the court."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (noting that "[f]or plaintiffs proceeding in forma pauperis . . ., the U.S. Marshal's Office—not the plaintiff—is primarily responsible for effecting service.").  However, the Court cannot do so unless and until the pro se prisoner has provided sufficient information to facilitate service.  *See Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (acknowledging the Court's "obligation to assist a pro se incarcerated litigant . . . to cause the summons and complaint to be served" but noting further that "the plaintiff nonetheless retains the obligation to provide the necessary information" for this to occur).  Moreover, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Rule 41(b) of the Federal Rules of Civil Procedure also provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

## IV.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 8) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the following claims **SURVIVE sua sponte review**: (1) plaintiff's First Amendment retaliation claims against defendants Lake and Parrotta; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; and (3) plaintiff's Eighth Amendment medical indifference claims against defendants Nurse Administrator Doe and Nurse Practitioner Milo; and it is further

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with his remaining claims in this action, he must do one the following within thirty (30) days: (1) pay the service fee of $56.00 due to the U.S. Marshal in full by money order or certified check; or (2) return a properly completed IFP application and inmate authorization form.  In the event plaintiff complies with this directive, the Clerk shall return this matter to the Court for further review. The Court will not accept any other submissions from plaintiff during this time; and it is further

**ORDERED** that in the event plaintiff fails to do one of these things within thirty (30) days, this action will be **DISMISSED without prejudice** for failure to comply with this Decision and Order, and pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that if this case proceeds to service and an answer to the amended complaint is filed, plaintiff must take reasonable steps to ascertain the identity of Nurse Administrator Doe through discovery, and when identified, seek to amend the amended complaint to add this individual as a defendant in this action pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff's failure to timely identify and serve this defendant will result in her termination from the action and dismissal of the claims asserted against her pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff, along with a blank IFP application and inmate authorization form.

**IT IS SO ORDERED**.

Dated: November 18, 2025
        Syracuse, NY

Glenn T. Suddaby
U.S. District Judge