UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK EDWARDS,

Plaintiff,

v.

9:25-CV-0570
(GTS/MJK)

SGT OTENS, et al.,

Defendants.

---

APPEARANCES:

MARK EDWARDS
Plaintiff, pro se
05-A-1980
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. LETITIA JAMES
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

ANNA R. WRIGHT, ESQ.
Ass't Attorney General

GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Mark Edwards commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff paid the filing fee associated with this action.

By Decision and Order entered on October 1, 2025, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(b), dismissed plaintiff's official capacity claims with prejudice, dismissed other claims without prejudice, and found that the following claims survived sua sponte review: (1) plaintiff's First Amendment retaliation claim against defendant Lake; and (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens. *See* Dkt. No. 6 ("October 2025 Order"). Thereafter, plaintiff filed an amended complaint as of right. Dkt. No. 8 ("Am. Compl.").

By Decision and Order entered on November 18, 2025, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915A(b), dismissed certain claims without prejudice, and found that the following claims survived sua sponte review: (1) plaintiff's First Amendment retaliation claims against defendants Lake and Parrotta; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; and (3) plaintiff's Eighth Amendment medical indifference claims against defendants Nurse Administrator Doe and Nurse Practitioner Milo. Dkt. No. 10 ("November 2025 Order").

Thereafter, acknowledgments of service were filed on behalf of defendants Otens, Milo, Parrotta, Lake, Ryan, Brandan, and Falen, and an answer was filed on their behalf. *See* Dkt. Nos. 20, 22, 23, 25. On March 10, 2026, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. *See* Dkt. No. 26 ("Scheduling Order"). On April 2, 2026, the Court received a proposed second amended complaint from plaintiff. *See* Dkt. No. 27.

By Text Order entered on May 5, 2026, the Court directed the Clerk to strike the proposed second amended complaint on the grounds that it was not accompanied by a proper motion that "clearly identifies the proposed insertions and deletions of language and

amendments in the proposed pleading" as required by the applicable rules of practice. *See* Dkt. No. 28 ("May Text Order"). Plaintiff was further advised that he "may not file a motion to amend and proposed second amended complaint until after his receipt of defendants' initial disclosures, at which time plaintiff shall have thirty (30) days to either (1) update his proposed second amended complaint to identify 'Facility Nurse Administrator' by name and re-file the proposed pleading with a proper motion, or (2) advise the Court that he is still unable to identify this official should that be the case." *Id*.

Presently before the Court are the following: (1) a proposed second amended complaint filed by plaintiff, Dkt. No. 29 ("SAC"); (2) a motion to compel discovery filed by plaintiff, Dkt. No. 30 ("Motion to Compel"); and (3) a letter from counsel for the defendants seeking clarification as to the operative pleading, Dkt. No. 31 ("Letter Request"). Counsel also opposed the Motion to Compel, albeit untimely. *See* Dkt. No. 32 ("Opposition to Plaintiff's Motion to Compel").

## II. PROCEDURAL MATTERS

### A. Non-Compliance With May Text Order

As noted, the May Text Order advised plaintiff that (1) he must file a motion to amend with any future proposed amended pleading, and (2) he may not file a motion to amend and proposed second amended complaint until after his receipt of defendants' initial disclosures in order to avoid the Court having to consider another amended pleading that did not identify the "Facility Nurse Administrator" by name. Nonetheless, plaintiff's proposed second amended complaint was not accompanied by a proper motion.

Ordinarily, the Court would strike plaintiff's submission as procedurally improper. However, in this case, the pleading identifies the "Facility Nurse Administrator" by name and

does not name any other new officials as defendants or include allegations related to any new events. Thus, the Court finds that striking plaintiff's proposed second amended complaint would not serve the interests of judicial efficiency. Notwithstanding this determination, the Court will also not waste further judicial resources considering another proposed amended pleading at a later date, as plaintiff has already filed two amended pleadings in this case, and all defendants have now been identified.

Accordingly, and in the interests of judicial efficiency, the Court will accept the proposed second amended complaint as the operative pleading, and will not accept any further amended pleadings in this case. Counsel's Letter Request seeking clarification as to the operative pleading is granted in this regard.

**B. Motion to Compel**

Plaintiff requests that the Court compel counsel to produce certain documents that he requested in writing in a letter dated May 18, 2026. *See* Motion to Compel at 1. According to plaintiff, counsel has not responded to his letter dated May 18, 2026, and this issue was presented to counsel in a letter dated June 14, 2026. *See* Motion to Compel at 1-2.

Although untimely, the Opposition to Plaintiff's Motion to Compel makes clear that (1) counsel did in fact response to plaintiff's letter dated May 18, 2026, (2) counsel has provided plaintiff with discovery and represented that other records responsive to plaintiff's demands have been requested, and (3) a "PREA complaint" is available for plaintiff's review in accordance with New York State Department of Corrections and Community Supervision policy. *See* Dkt. No. 32; Dkt. No. 32-1; Dkt. No. 32-2.

In light of counsel's response to plaintiff's letter, the Motion to Compel is denied without prejudice. In an effort to avoid further unnecessary motion practice, counsel is

directed to provide the Court with a status report within thirty (30) days advising as to whether additional documents have been provided to plaintiff as discussed in counsel's letter to plaintiff dated June 22, 2026 (Dkt. No. 32-1).

## III. SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A. The Complaint and October 2025 Order

In the original complaint, plaintiff asserted Section 1983 claims arising out of alleged wrongdoing while he was incarcerated at Eastern Correctional Facility. *See generally*, Compl. More specifically, the complaint asserted claims arising out of an alleged use-of-force incident on March 20, 2023, and the subsequent denial of medical treatment, destruction of personal property, and nine-day restrictive confinement that plaintiff experienced. *Id*.

The complaint was liberally construed to assert the following Section 1983 claims against the named defendants: (1) First Amendment retaliation claims against defendants Lake and Parrotta; (2) a Fourth Amendment unlawful cell search claim against defendant Parrotta; (3) Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; (4) Eighth Amendment medical indifference claims against "Medical Staff"; (5) Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (6) a Fourteenth Amendment destruction of property claim against defendant Parrotta. *See* October 2025 Order at 5-6.

Following review of the complaint pursuant to 28 U.S.C. § 1915A(b), only the following claims were found to survive sua sponte review: (1) plaintiff's First Amendment retaliation claim against defendant Lake; and (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens. *See* October 2025 Order at 21.

**B. The Amended Complaint and November 2025 Order**

The amended complaint is materially similar to the original complaint except that it includes additional allegations in support of retaliation claims against defendants Lake and Parrotta and asserts new claims against Nurse Practitioner Milo and Nurse Administrator Doe arising out of alleged wrongdoing while plaintiff was incarcerated at Eastern Correctional Facility. *See generally*, Am. Compl.

The amended complaint was liberally construed to assert the following Section 1983 claims against the named defendants: (1) First Amendment retaliation claims against defendants Lake and Parrotta; (2) a Fourth Amendment unlawful cell search claim against defendant Parrotta; (3) Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; (4) Eighth Amendment medical indifference claims against defendants Nurse Administrator Doe and Milo; (5) Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (6) a Fourteenth Amendment destruction of property claim against defendant Parrotta. *See* November 2025 Order at 5.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review: (1) plaintiff's First Amendment retaliation claims against defendants Lake and Parrotta; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; and (3) plaintiff's Eighth Amendment medical indifference claims against defendants Nurse Administrator Doe and Nurse Practitioner Milo. *See* November 2025 Order at 9.

**C. Second Amended Complaint**

The second amended complaint is materially similar to the amended complaint except that the pleading names Kim Faulkner as a defendant in place of Nurse Administrator Doe and expressly asserts a Fourteenth Amendment equal protection claim and claims under the New York Constitution, in addition to reasserting each of the claims addressed in the November 2025 Order. *Compare* SAC *with* Am. Compl.

**D. Analysis**

**1. Reasserted Claims That Previously Survived Sua Sponte Review**

As noted, the allegations in the second amended complaint are materially similar to the allegations in the amended complaint with respect to plaintiff's Section 1983 claims that previously survived sua sponte review, except that plaintiff now identifies Nurse Administrator Doe as Kim Faulkner. Accordingly, the Clerk is directed to update the docket to identify Nurse Administrator Doe as Kim Faulkner, and for the reasons set forth in the November 2025 Order, the following claims survive sua sponte review and require a response: (1) plaintiff's First Amendment retaliation claims against defendants Lake and Parrotta; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; and (3) plaintiff's Eighth Amendment medical indifference claims against defendants Nurse Administrator Faulkner and Nurse Practitioner Milo. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

**2. Previously Dismissed Claims**

Because the allegations in the second amended complaint are also materially similar to the allegations in the amended complaint with respect to plaintiff's previously dismissed

Section 1983 claims, the following claims are once again dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) plaintiff's Fourth Amendment unlawful cell search claim against defendant Parrotta; (2) plaintiff's Fourteenth Amendment disciplinary due process claims against defendants Otens and Lake; and (3) plaintiff's Fourteenth Amendment destruction of property claim against defendant Parrotta. *See* October 2025 Order at 10-19; November 2025 Order at 7.

**3. Equal Protection Claims**

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

In the alternative, under a "class of one" theory, a plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003). However, "class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom

they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). "Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Id*. (internal quotation marks omitted); *see also Engquist v. Or. Dep't of Agric*., 553 U.S. 591, 601 (2008) (explaining that "[t]here are some forms of state action, . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments" and "[i]n such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted").

In this case, although plaintiff expressly asserts an equal protection claim, his pleading lacks any allegations which plausibly suggest that he is a member of a protected class, and otherwise fails to explain how plaintiff believes the alleged wrongdoing that he experienced may have been the result of any sort of discrimination.

Furthermore, insofar as plaintiff may have intended to assert an equal protection claim under a class-of-one theory, the second amended complaint fails to identify any individuals who were similarly situated to plaintiff yet treated differently by any of the named defendants.

Accordingly, plaintiff's equal protection claims are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**4. State Law Claims**

Insofar as plaintiff raises claims under the New York State Constitution based on the same wrongdoing that forms the basis of his federal constitutional claims, those claims are dismissed as duplicative of plaintiff's federal claims. *See, e.g., Leibovitz v. City of New York*, No. 14-CV-7106, 2018 WL 1157872, at *21 (E.D.N.Y. Mar. 2, 2018) ("[V]arious federal courts in this circuit have held that there is no private right of action under the New York State Constitution where ... remedies are available under [§] 1983.") (internal quotation marks and citations omitted); *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013) ("[Plaintiffs] do[ ] not allege specific facts to support [their state constitutional claims], and, as best as the Court can tell, the[ ] claims duplicate [their] other claims. 'District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983.'" (quoting *Campbell v. City of N.Y.*, No. 09-CV-3306, 2011 WL 6329456, at *5 (E.D.N.Y. Dec. 15, 2011))).

## IV. SERVICE

As noted in the October 2025 Order, plaintiff paid the filing fee for this action, and did not submit an application to proceed in forma pauperis ("IFP"). Thus, plaintiff was advised that, in order for this case to proceed to service, he had to either (1) pay the service fee due to the U.S. Marshal in full by money order or certified check, or (2) return a properly completed IFP application and inmate authorization form. *See* October 2025 Order at 19-20.

Although plaintiff previously paid the filing fee for service on the current defendants, the second amended complaint adds Kim Faulkner as a defendant. Accordingly, in order for this individual to be served, plaintiff must either pay the filing fee or return a properly

completed IFP application and inmate authorization form that demonstrates his entitlement to proceed IFP.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 29) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Letter Request (Dkt. No. 31) seeking clarification as to the operative pleading is **GRANTED** in this regard; and it is further

**ORDERED** that the Clerk shall update the docket to name Kim Faulkner as a defendant in place of Nurse Administrator Doe; and it is further

**ORDERED** that the following claims **SURVIVE sua sponte review**: (1) plaintiff's First Amendment retaliation claims against defendants Lake and Parrotta; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Lake, Ryan, Brandan, Falen, and Otens; and (3) plaintiff's Eighth Amendment medical indifference claims against defendants Nurse Administrator Faulkner and Nurse Practitioner Milo; and it is further

**ORDERED** that plaintiff's remaining claims are **DISMISSED without prejudice** and without leave to renew pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court will not consider any further amended pleadings from plaintiff in this action; and it is further

**ORDERED** that if plaintiff wishes to proceed with claims against Kim Faulkner, he must do one the following within thirty (30) days: (1) pay the service fee of $8.00 due to the U.S. Marshal in full by money order or certified check; or (2) return a properly completed IFP application and inmate authorization form. In the event plaintiff elects to pay the filing fee, the

Clerk shall issue a summons for service on Kim Faulkner. In the event plaintiff instead elects to submit IFP materials, the Clerk shall return this matter to the Court for further review; and it is further

**ORDERED** that the Motion to Compel (Dkt. No. 30) is **DENIED without prejudice** as set forth above, and counsel for defendants Parrotta, Milo, Lake, Ryan, Brandan, Falen, and Otens is directed to provide the Court with a status report within thirty (30) days advising as to whether additional documents have been provided to plaintiff as discussed in counsel's letter to plaintiff dated June 22, 2026 (Dkt. No. 32-1); and it is further

**ORDERED** that defendants Parrotta, Milo, Lake, Ryan, Brandan, Falen, and Otens respond to the second amended complaint within thirty (30) days of receipt of notice of unsuccessful service on Kim Faulkner, or the completion of service on this official, whichever is sooner; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: September 3, 2026
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge